UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEIFFER WOLF CARR KANE CONWAY & WISE LLP** | **CIVIL ACTION: NO. 23-6235** |
| | **JUDGE: SUSIE MORGAN** |
| **VERSUS** | **MAG. JUDGE: JANIS VAN MEERVELD** |
| **VALLEY FORGE INSURANCE COMPANY** | **SECTION: "E" (1)** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED COMPLAINT FOR DECLATORY JUDGMENT AND DAMAGES**

PEIFFER WOLF CARR KANE CONWAY & WISE, LLP ("Peiffer Wolf") hereby files this Amended Complaint[1] against Valley Forge Insurance Company ("Valley Forge") seeking a Declaratory Judgment concerning Valley Forge's obligations under a policy of general liability insurance issued to Peiffer Wolf, and damages for Valley Forge's breach of that Policy and violations of La. R.S. 22:1892 and/or 22:1973.

In support of this Complaint Peiffer Wolf respectfully avers as follows:

**I.     PARTIES**

1.     Peiffer Wolf Carr Kane Conway and Wise, LLP (previously defined as "Peiffer Wolf") is a law firm based in New Orleans, Louisiana, with its principal place of business ("Main Office") located at 1519 Robert C. Blakes Sr. Drive, New Orleans, LA 70130. Peiffer Wolf has six (6) equity partners/shareholders: Joseph Peiffer; Adam Wolf; Daniel Carr; Jason Kane; Kevin Conway; and Brandon Wise.

---

[1] This Amended Complaint is filed at the direction of the Court in order to clarify Peiffer Wolf's citizenship, *see* ECF No. 4, and to provide further information regarding the amount in controversy.

2. Valley Forge Insurance Company ("Valley Forge") is an insurance company with its principal place of business located at 151 N. Franklin Street in Chicago, IL.

## II. JURISDICTION AND VENUE

3. This Court has subject matter under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is complete diversity amongst the parties. Peiffer Wolf's equity partners are citizens of the States of Louisiana (Joseph Peiffer, Daniel Carr, Kevin Conway, and Brandon Wise); California (Adam Wolf); and New York (Jason Kane). Valley Forge is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Illinois.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because this Court is in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

## III. FACTUAL ALLEGATIONS

*A.  The Policy*

5. Valley Forge issued a policy of commercial general liability insurance to Peiffer Wolf bearing policy number 5094664591, with a policy period of October 3, 2022 to October 3, 2023 (previously defined as the "Policy").

6. Valley Forge is a subsidiary of CNA Insurance Company ("CNA").

7. The Policy is a contract that was negotiated in Metairie, Louisiana. Specifically, the Policy's Declarations state that it was negotiated by and between CNA and Peiffer Wolf through agent "Assured Partners Gulf Coast Insurance Agency," located at 3300 West Esplanade Avenue, Suite 300, Metairie, LA 70002.

8. The Policy's Declarations further state that the Policy was issued by CNA's New Orleans Branch, located at One Galleria Blvd., Suite 1530, Metairie LA 70001.

9. The Policy was issued to Peiffer Wolf at its Main Office, located at 1519 Robert C. Blakes Sr. Dr., New Orleans, LA 70130.

10. The Policy provides, *inter alia*, that Valley Forge will "pay those sums that the insured [Peiffer Wolf] becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies. We [Valley Forge] will have the right and duty to defend the insured against any 'suit' seeking those damages."

**B.   The Lawsuit**

11. On or about May 5, 2023, Levin Simes, LLP ("Levin Simes") filed a complaint in the Superior Court of the State of California in and for the County of San Francisco against Peiffer Wolf and its partners Rachel Abrams and Brian Perkins. (Hereafter, the "Levin Simes Lawsuit").

12. Peiffer Wolf denies any liability in the Levin Simes Lawsuit. However, because the Levin Simes Lawsuit seeks damages for alleged conduct that falls within coverage of the Policy, Peiffer Wolf tendered that Complaint to Valley Forge for a defense and indemnity on May 12, 2023.

13. Valley Forge acknowledged receipt of the tender on May 12, 2023 and assigned claim number 190071155-001.

14. Valley Forge originally denied coverage, claiming incorrectly that its Policy did not cover the claims in the Levin Simes Lawsuit. Only after significant push-back from Peiffer Wolf, on or about July 31, 2023 – more than 60 days after Peiffer Wolf's tender – Valley Forge finally acknowledged, subject to a reservation of rights, that it owed Peiffer Wolf, and its employees Abrams and Perkins, a defense against the Levin Simes Lawsuit.

15. Peiffer Wolf had already retained counsel to defend itself against the Levin Simes Lawsuit. Peiffer Wolf had also already retained separate counsel to defend Abrams and Perkins against the Levin Simes Lawsuit.

16. Because Valley Forge has reserved its rights to deny coverage under the Policy, Valley Forge is required to provide independent defense counsel ("Defense Counsel") for Peiffer Wolf, on the one hand, and Abrams and Perkins, on the other hand.

17. Valley Forge is further obligated to pay the reasonable hourly rates charged by Defense Counsel.

18. Notwithstanding the above, Valley Forge has refused to pay Defense Counsel's hourly rates, and instead asserts, falsely, that Valley Forge's payment obligations are "capped" at the rates it pays to its "panel counsel." Those "panel counsel" rates are far less than the reasonable rates charged by Defense Counsel.

19. At Valley Forge's request, Peiffer Wolf on August 30, 2023 made a proposal to Valley Forge in which Peiffer Wolf asked Valley Forge to increase the hourly rates it would pay to something closer to those actually charged by Defense Counsel. As a compromise, Peiffer Wolf further agreed to bear some portion of those costs out of its own pocket.

20. Approximately 6 weeks later, on October 12, 2023, Valley Forge issued a follow up letter agreeing to pay only slightly more than its "panel counsel" rates.

21. Valley Forge's increased offer remains significantly less than the reasonable hourly amount charged by counsel for complex litigation in the Northern California market in which the Levin Simes Lawsuit is pending.

22. Peiffer Wolf has paid and continues to pay Defense Counsel for both itself and for Abrams and Perkins, at its own cost. As of the end of August 2023, these costs already exceeded $120,000. To date Valley Forge has not paid anything toward these costs.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION:

### Declaratory Judgment

23. All previous paragraphs are incorporated by reference herein.

24. This Complaint is not made for purposes of seeking a legal opinion but, rather, the parties have an actual, present, and adverse dispute relating to the Policy.

25. Peiffer Wolf seeks a Declaration concerning Valley Forge's obligations under the Policy. Specifically, Peiffer Wolf seeks a Declaration confirming that Valley Forge is obligated to pay and/or reimburse Peiffer Wolf, and Abrams/Perkins, for the reasonable defense costs each incurs in defense of the Levin Simes Lawsuit.

26. Valley Forge has already acknowledged its obligations to provide Peiffer Wolf and Abrams/Perkins with independent counsel (previously defined as "Defense Counsel") to defend them in the Levin Simes Lawsuit.

27. In accordance with applicable law, Valley Forge is obligated to pay the "reasonable" hourly rates charged by Defense Counsel.

28. Valley Forge has wrongly asserted, and continues to maintain, that its financial liability for Defense Counsel's rates is capped at the rates that Valley Forge pays to its "panel counsel," which is far below the reasonable hourly rates charged by Defense Counsel.

29. As such, there is a bona fide, practical need for a declaration concerning the parties' legal rights, responsibilities, and obligations under the Policy. Peiffer Wolf now seeks a

Declaration from this Court that Valley Forge is obligated to pay the reasonable hourly rates charged by Defense Counsel for Peiffer Wolf, and for its employees Abrams/Perkins, in connection with the Levin Simes Lawsuit.

## SECOND CAUSE OF ACTION:

### Breach of Contract

30. All previous paragraphs are incorporated by reference herein.

31. The Policy obligates Valley Forge to defend its insureds, including Peiffer Wolf and Abrams/Perkins, against the Levin Simes Lawsuit.

32. Peiffer Wolf and Abrams/Perkins have tendered the Levin Simes Lawsuit to Valley Forge for a defense and indemnity.

33. Valley Forge has acknowledged its obligation to defend Peiffer Wolf and Abrams/Perkins against the Levin Simes lawsuit. However, to date, Valley Forge has not fulfilled its obligations under the Policy.

34. Valley Forge has made clear that it will artificially limit its payment of defense costs under the Policy, in breach of its obligation to pay reasonable hourly rates for independent counsel.

35. Valley Forge has thus breached (and will continue to breach) the Policy by failing to perform the obligations it owes under the Policy.

36. As the direct and proximate result of Valley Forge's breach, Peiffer Wolf has suffered actual damages in the form of unreimbursed defense costs paid to defend itself and Abrams/Perkins against the Levin Simes Lawsuit.

## THIRD CAUSE OF ACTION:

### Violations of La. R.S. Sections 22:1892 and 22:1973

37. All previous paragraphs are incorporated by reference herein.

38. Peiffer Wolf provided Valley Forge with satisfactory proof of its obligation to defend Peiffer Wolf and Abrams/Perkins against the Levin Simes Lawsuit. Peiffer Wolf also has provided to Valley Forge the invoices from its counsel, as well as from Abrams'/Perkins' counsel, that Peiffer Wolf has paid in full.

39. To date, Valley Forge has not paid for or reimbursed Peiffer Wolf for the defense costs it has paid in connection with the Levin Simes Lawsuit.

40. La. R.S. § 22:1892 imposes penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty days.

41. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

42. La. R.S. §22:1973 imposes penalties on insurers who "[fail] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

43. Valley Forge is in violation of La. R.S. §§ 22:1892 and 22:1973 for failing to provide Peiffer Wolf with adequate payment in connection with its damages despite having received satisfactory proof of loss.

44. Valley Forge's failure to satisfy its obligations under the Policy was arbitrary, capricious, and without probable cause in violation of La. R.S. §§ 22:1892 and 22:1973.

45. Valley Forge also violated La. R.S. § 22:1973 through the acts described above, including but not limited to, misrepresenting relevant facts and coverages, failing to adjust claims

in good faith, and attempting to condition payment on misinformation.

46.     Therefore, Peiffer Wolf is entitled to recover penalties and damages as described in La. R.S. §§ 22:1892 and 22:1973, and additionally, to recover its reasonable attorney fees.

## V.     JURY DEMAND

47.     Peiffer Wolf demands a trial by jury on all counts so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Peiffer Wolf Carr Kane Conway & Wise, LLP requests that Valley Forge Insurance Company be cited to appear and answer, and that on final trial this Court find that:

1.      Valley Forge is obligated to pay and/or reimburse the reasonable defense costs charged by Defense Counsel in connection with the Levin Simes Lawsuit;

2.      Valley Forge breached its Policy, and award all damages, attorney fees, and costs to the fullest extent allowable by Louisiana law;

3.      Valley Forge violated La. R.S. § 22:1973, and award all damages, penalties, attorney's fees, and costs to the fullest extent allowable by Louisiana law; and

4.      Valley Forge violated La. R.S. § 22:1892 and award all damages, penalties, attorney's fees, and costs to the fullest extent allowable by Louisiana law.

5.      Award relief, equitable or otherwise, to which the Plaintiff may be entitled.

Respectfully submitted by:

*/s/Daniel Centner*
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
Daniel B. Centner (La. Bar No. 33055)
1519 Robert C. Blakes Sr. Drive
New Orleans, LA 70130
504-605-2234
dcentner@peifferwolf.com

## **CERTIFICATE**

I hereby certify that the foregoing document was filed via the Court's CM/ECF case management system this 19th day of October, 2023 and is accessible to the public via CM/ECF.

*Daniel Centner*