UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PEIFFER WOLF CARR KANE CONWAY
& WISE, LLP

VERSUS

VALLEY FORGE INSURANCE
COMPANY

CIVIL ACTION

NO.  23-6235

SECTION:  "E" (3)

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Compel (Doc. 24) filed by Plaintiff, Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf").  Defendant, Valley Forge Insurance Company ("Valley Forge"), has filed an opposition,[1] to which Peiffer Wolf has replied.[2] Shortly after the motion's submission date, the parties requested that the Court delay ruling on the motion as they tried to reach an amicable resolution.  The Court was advised recently, however, that most of the issues within the motion remain unresolved.[3] For the reasons below, the motion is granted in part and denied without prejudice in all other respects.

---

[1] Doc. 36
[2] Doc. 37.
[3] *See* Doc. 46.

1

## I.      Introduction

Peiffer Wolf is a Louisiana-based law firm that is defending a lawsuit filed in California against the firm and several of its attorneys.[4] Peiffer Wolf has a commercial general liability insurance policy with Valley Force Insurance Co. ("Valley Forge").[5] Peiffer Wolf contends the policy requires Valley Forge to defend the California lawsuit.[6] Valley Forge has agreed to defend the lawsuit subject to a reservation of rights.[7]

In the above-captioned matter, Peiffer Wolf alleges three causes of action against Valley Forge:

(1) **Declaratory Judgment.** Peiffer Wolf is entitled to a declaratory judgment that Valley Forge must pay and/or reimburse the law firm for its defense costs in the California matter, including by paying "reasonable hourly rates" rather than rates subject to a cap Valley Forge uses for its panel counsel.

(2) **Breach of Contract**. Valley Forge has breached the insurance policy contract by artificially limiting its payment of defense costs.

(3) **Bad Faith**. Valley Force has violated La. Rev. Stat. §§ 22:1892 and 22:1973 by failing to reimburse Peiffer Wolf for defense costs despite having had satisfactory proof of loss for more than the statutory periods and by acting arbitrarily and capriciously. Valley Forge's statutory violations include misrepresenting relevant facts and coverage, failing to adjust claims in good faith, and attempting to condition payment on misinformation.

---

[4] Doc. 1, ¶ 11.

[5] Doc. 1, ¶ 5.

[6] Doc. 1¶ 10.

[7] Doc. 1, ¶ 14.

Peiffer Wolf's motion maintains that Valley Forge's responses to requests for production and interrogatories are untimely and deficient. Peiffer Wolf seeks attorney's fees in connection with its motion.

## II.   Scope of Discovery.

Unless otherwise limited by court order, Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant or otherwise should not be permitted." *Cannon v. CSX Transp., Inc.,* No. CV 20-2392, 2021 WL 5358758, at *1 (E.D. La. Apr. 16, 2021) (citations omitted).

## III.   Analysis

Peiffer Wolf's motion to compel seeks "complete and adequate responses – without objections – to the Interrogatories and Requests for production of Documents" propounded on February 8, 2024 (collectively, "Discovery Requests").[8] Peiffer Wolf

---

[8] Doc. 24 at 1. Valley Forge maintains that it provided thorough and detailed responses relative to the requests for admission, Doc. 36 at 2, but those requests are not put at issue in the motion to compel.

maintains that, despite the passage of four months, it has not received a single document in response to the Discovery Requests.[9]  Peiffer Wolf also maintains that Valley Forge's use of boilerplate and untimely objections has resulted in the waiver of all objections, including as to privilege.

### A.  Requests for Production

The only request for production briefed by both sides was Request for Production No. 2.  This request seeks a copy of Valley Forge's claim file.  Valley Forge recently agreed, however, to provide its claim file, subject to any claim of privilege or work product protection.  Thus, the production of that document is moot.

As for the remaining requests for production, neither party engages in a request-by-request assessment of relevance under Rule 26. But Peiffer Wolf's critique of Valley Forge's vague, boilerplate objections is well-founded.  Valley Forge must supplement its responses and objections to provide greater specificity as to the basis for each objection and to disclose whether any responsive documents are being withheld.  To the extent privilege or work product protection is claimed, a log must be produced contemporaneously.  If Peiffer Wolf believes the responses-as-supplemented remain deficient, it may confer with Valley Forge and then request a status conference with the Court to address whether a second motion to compel is necessary.

---

[9] Doc. 37 at 1. Although most of Peiffer Wolf's briefing addressed legal issues or arguments, it contained a few instances of statements like, "Valley Forge clearly has no problem misrepresenting the truth."  Doc. 37 at 2 (disagreeing with Valley Forge's legal arguments).  Such rhetoric is unhelpful, at best.

### B. Interrogatories

**Interrogatory No. 1.**  This interrogatory seeks information as to the issuance of the policy.  Peiffer Wolf has not demonstrated why this information is relevant.  Thus, Valley Forge's objections are sustained without prejudice to Peiffer Wolf's right to revisit this request should developments in discovery illustrate its relevance.

**Interrogatory No. 2.**  This interrogatory seeks information on individuals involved in the adjustment of the claims.  This information is relevant to Peiffer Wolf's claims.  Valley Forge's response is deficient because it does not state whether responsive information is being withheld.  Accordingly, Valley Forge must supplement its response to either provide additional responsive information or explain why responsive information is being withheld.

**Interrogatory No. 3.**  This interrogatory seeks information about Valley Forge's reserves.  There is no bright line rule or clear consensus in the jurisprudence relative to the discovery of reserves information in first-party claims alleging bad faith.  *O'Connor v. Allied Tr. Ins.,* No. CV 23-218, 2023 WL 6464787, at *2 (E.D. La. Oct. 4, 2023) (noting that reserves have a speculative and tenuous relationship with bad faith claims and may be subject to work product protection); *Civic Ctr. Site Dev., LLC v. Certain Underwriters at Lloyd's London (Consortium #9226*), No. CV 23-1071, 2023 WL 5974843, at *8 (E.D. La. Sept. 14, 2023) (concluding that reserve information is discoverable).  Peiffer Wolf has not met its burden of showing how the reserve information is relevant to the claims or defenses in this case.  Accordingly, Valley Forge's objection to Interrogatory No. 3 is sustained.

**Interrogatory No. 4.** This request asks for the facts supporting Valley Forge's position that $305/hour is an appropriate maximum reimbursement rate. Valley Forge's objection states, without explanation, that the request is "overly broad and unduly burdensome" and seeks proprietary information.  This objection does not suffice to meet Valley Forge's burden of demonstrating why the request is broad or burdensome nor whether any responsive information is being withheld.   Thus, this objection is overruled.

**Interrogatory Nos. 5-6.**  These interrogatories seek information as to how Valley Forge maintains its files and emails relative to Peiffer Wolf's claims.  Valley Forge's sole objection is to relevance. But how Valley Forge maintains its records is relevant to Valley Forge's assertion that certain documents are privileged, as well as Valley Forge's objection that certain document requests are unduly burdensome. Thus, these objections are overruled. Valley Forge must supplement its response to provide the requested information.

### C.  Attorney's Fees

Peiffer Wolf has requested attorney's fees in the amount of $5,000 in connection with its motion. Valley Forge opposes that request. Rule 37(a)(5)(A) authorizes the Court to award the prevailing party in a discovery dispute "reasonable expenses incurred in making the motion, including **attorney's fees**" after allowing the parties to be heard. Fees are not available if the opposing party's nondisclosure, response, or objection was "substantially justified." *See id.*

As for Request for Production No. 2, the Court finds that Valley Forge's withholding of its claim file until shortly before this ruling was not substantially justified. The sole authority cited by Valley Forge in opposition to Peiffer Wolf's motion expressly contemplated that a claims file *would* be discoverable when, as here, a bad faith claim was at issue.  And the authority in this District is overwhelming relative to the impropriety of boilerplate or "general" objections.  Thus, the Court finds that Valley Forge's remaining objections lack legitimate support, and Peiffer Wolf is entitled to the fees incurred in bringing its motion.

The lodestar method provides an appropriate mechanism to determine the amount of an award.  *Leonard v. Chet Morrison Contractors, LLC*, No. CV 19-1609, 2021 WL 493070, at *2 (E.D. La. Feb. 10, 2021).  "The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement."  *See id.*  The materials submitted by Peiffer Wolf, however, are not sufficient for the Court to undergo a lodestar analysis at this stage. Accordingly, unless the parties agree on the fee amount, Peiffer Wolf may submit a separate fee motion as stated below.

## IV.     Conclusion

For these reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE** in all other respects.

**IT IS FURTHER ORDERED** that Valley Forge must supplement its interrogatory and document request responses as detailed above, including relative to the production of a privilege log, on or before **July 8, 2024.** To the extent Valley Forge maintains information is confidential, any such information must be produced within five days of the entry of an appropriate protective order.

**IT IS FURTHER ORDERED** that the parties are to work together to attempt to reach an agreement on a proposed protective order.  If no agreement can be reached, the parties are to schedule a telephone status conference to discuss any disputed terms.

**IT IS FURTHER ORDERED** that Peiffer Wolf is entitled to an award of the reasonable attorney's fees and costs incurred in bringing its Motion to Compel, including fees and costs incurred up until the date that Valley Forge agreed to respond to Request for Production No. 2.

**IT IS FURTHER ORDERED** that if the parties agree on a reasonable amount of attorney's fees and costs, Valley Forge must pay that amount. If the parties do not agree on an amount, Pieffer Wolf may, within 14 days of this Order, file a Motion for Fees and Costs pursuant to Rule 37.  The fee and cost motion must include (a) an affidavit attesting to the attorneys' education, background, skills and

experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed.

New Orleans, Louisiana, this 25th day of June, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE