**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PEIFFER WOLF CARR KANE CONWAY & WISE LLP** | **CIVIL ACTION NO. 2:23-CV-06235** |
| | **JUDGE: SUSIE MORGAN** |
| **VERSUS** | **MAG. JUDGE: EVA J. DOSSIER** |
| | **SECTION: "E" (3)** |
| **VALLEY FORGE INSURANCE COMPANY** | |

**REPLY IN FURTHER SUPPORT OF PEIFFER WOLF'S MOTION IN LIMINE TO EXCLUDE, OR IN THE ALTERNATIVE, LIMIT EXPERT OPINION TESTIMONY OF <u>ANDRÉ E. JARDINI</u>**

Plaintiff, Peiffer Wolf Carr Kane Conway & Wise, LLP ("**Peiffer Wolf**"), respectfully submits the following Reply in Further Support of its *Motion in Limine to Exclude, or in the Alternative, Limit Expert Testimony of André E. Jardini* ("**Motion**"). REC. DOC. 98. This Reply addresses the arguments that Defendant, Valley Forge Insurance Company ("**Valley Forge**"), raised in Opposition to the Motion (**"Opposition"**). None of Valley Forge's arguments has merit.

**INTRODUCTION**

Peiffer Wolf's Motion sought to exclude and/or limit the testimony of Valley Forge's expert, André E. Jardini ("**Mr. Jardini**") on three bases: (1) Valley Forge ignored Peiffer Wolf's repeated requests to depose him on a mutually agreeable date prior to the expert-discovery cut-off; (2) Mr. Jardini's opinions on hourly rates are unreliable because they are based on incorrect factual assumptions that were material to his opinion, and which he then applied to a flawed methodology; and (3) Mr. Jardini's comments and observations about excessive hours must be excluded because they are not based upon the factual review that he admits would be necessary for an expert opinion, do not opine on any amount of time that is excessive, and are not related to any issue in this case.

1

In response, Valley Forge attempts to address the first issue, but it does so in a way that distorts the record, as discussed in more detail below.

As for the second and third issues, Valley Forge does not even try to respond substantively. It never denies that Mr. Jardini's rate analysis was based on incorrect factual assumptions that were crucial to his opinion, and that he then applied those false assumptions to a flawed methodology. Nor does Valley Forge dispute that Mr. Jardini's "comments" and "observations" about billing entries were not real expert opinion based on the record review that Mr. Jardini conceded would have been necessary in order to formulate an expert opinion, or even that this issue is relevant for presentation to the jury. Valley Forge thus has waived any substantive response, which should result in granting Peiffer Wolf's Motion.

Instead, Valley Forge focuses on Mr. Jardini's background and general credentials. But that does not render his opinion admissible. Even an otherwise credentialed expert must be excluded if, as here, he does not meet the *Daubert* standard.

**ARGUMENT**

## I. MR. JARDINI WAS NOT MADE AVAILABLE FOR DEPOSITION AS REQUIRED BY THE COURT'S SCHEDULING ORDER.

Valley Forge never explains its failure to respond to Peiffer Wolf's October 2, October 3, October 7, or October 10 e-mails requesting available dates for Mr. Jardini's deposition. *See* ECF No. 105-3 at pp. 6-11. Instead, Valley Forge criticizes Peiffer Wolf for unilaterally noticing Mr. Jardini's deposition. As demonstrated in its Motion, however, Peiffer Wolf unilaterally noticed Mr. Jardini's deposition only after Valley Forge refused to provide a date for that deposition after repeated requests.

The Court's Scheduling Order makes clear that "[t]he deadlines set forth herein are not 'suggestions' but firm deadlines which will be strictly enforced." *See* ECF No. 20 (emphasis in

2

original). Whereas Valley Forge failed to honor those deadlines on account of its failure to reasonably work with Peiffer Wolf's counsel on dates, Valley Forge should be held accountable for its actions.[1]

## II.   MR. JARDINI'S OPINIONS ARE FUNDAMENTALLY UNRELIABLE AND SHOULD NOT BE PRESENTED TO THE JURY.

Peiffer Wolf also seeks to exclude Mr. Jardini's testimony under *Daubert* and its progeny. Valley Forge's Opposition to this argument focuses entirely on Mr. Jardini's qualifications— which Peiffer Wolf **has not challenged**. Rather, and as the Motion reflects, Peiffer Wolf moves to exclude Mr. Jardini's testimony because his opinions are based on demonstrably incorrect factual assumptions that were admittedly material to his opinions, and thus are necessarily unreliable as a matter of law. Peiffer Wolf devoted several pages in the Motion to explaining these incorrect assumptions and their erroneous application to Mr. Jardini's methodology. ECF 98-1 at pp. 6-13.[2]

Valley Forge never even responded to these arguments. They thus are waived, and Peiffer Wolf's Motion must be granted accordingly.

Tacitly admitting that Peiffer Wolf's attacks on the reliability of Mr. Jardini's opinions are valid, Valley Forge's only answer is a suggestion that Peiffer Wolf must pursue these "critiques" on cross-examination at trial. ECF No. 105 at p. 12. That is simply not true. The Fifth Circuit has explained:

---

[1] Valley Forge's Opposition also seems to suggest that Peiffer Wolf required Valley Forge to depose Peiffer Wolf's experts outside of the expert discovery period. This is not true. Peiffer Wolf provided available dates for both of its experts on October 2 – nearly three weeks before the close of expert discovery. *See* ECF No. 105-3 at p. 3. Valley Forge simply chose not to respond until October 16.

[2] Valley Forge wrongly questions Peiffer Wolf's supposed failure to attach Mr. Jardini's deposition transcript to the Motion. ECF 105 at p. 1, n.1 ("Curiuosly, Plaintiff does not include Mr. Jardini's deposition transcript ... even though the parties received it on October 25, 2024."). As ECF No. 100 explained, Peiffer Wolf intended to attach that transcript, but inadvertently included a second copy of Mr. Jardini's expert report. That error was corrected the next day via a Motion to Substitute Exhibit. *See* ECF No. 101 ("It is ORDERED that Exhibit 1, the Deposition Transcript of André E. Jardini, submitted as the replacement exhibit is hereby SUBSTITUTED for the exhibit previously filed under R. Doc. 98-4.").

> As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration. **In some cases, however, the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion.** Expert opinion testimony falls into this category when that testimony would not actually assist the jury in arriving at an intelligent and sound verdict. If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury. Furthermore, its lack of reliable support may render it more prejudicial than probative, making it inadmissible under Fed. R. Evid. 403.

*Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (internal quotations/citations omitted) (emphasis supplied).

Consistent with the foregoing, while "courts have afforded experts a wide latitude in picking and choosing the sources on which to base opinions, Rule 703 nonetheless requires courts to examine the reliability of those sources" – in other words, to act as a "gatekeeper." *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996). In discharging its gatekeeper duties, a district court must "extract evidence tainted by farce or fiction. Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all." *Id*.

Expert testimony that "relies on completely **unsubstantiated factual assertions**" is likewise inadmissible. *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (internal quotation marks, alterations citations omitted, and emphasis supplied). Courts must exclude opinion testimony where the proffered expert "cannot offer any specific factual support of the reliability of his initial assumptions" and is "uncertain regarding many details necessary to [his or her] analysis." *Hathaway v. Bazany*, 507 F.3d 312, 318-19 (5th Cir. 2007). Under these circumstances, the expert's testimony "has neither the sufficient facts nor the reliable methodology that would warrant its inclusion as evidence." *Id*. at p. 319.

The foregoing are directly applicable to Mr. Jardini's opinions. As demonstrated in detail in the Motion, Mr. Jardini's opinions are irreparably tainted by both farce and fiction. *See Guillory*, 95 F. 3d at 1331.

To briefly recap here: After stating that trial experience is of paramount importance to his opinion, Mr. Jardini assumed incorrectly the trial experience possessed by the attorneys at Altshuler Berzon and Shartsis Friese. In fact, those counsel have approximately ten times the amount of trial experience than he assumed, which readily demonstrates an improper assumption, and thus, an unreliable opinion.

Similarly, Mr. Jardini claims that the Levin Simes Action was not "bet the company" litigation justifying higher rates for counsel based on his ill-informed assumption that Peiffer Wolf's total exposure was less than $6 million – when, in reality, it was approximately 10 times that figure. Mr. Jardini admitted he was not even aware of most of the claims levied against Peiffer Wolf in the Levin Simes Action, let alone the damages that Levin Simes sought for those claims. Perhaps this is because he essentially reviewed none of the underlying case file to familiarize himself with the Levin Simes Action.

Being charitable, Mr. Jardini is "uncertain regarding many details" that he admitted were "necessary" to his analysis. *See Hathaway*, 507 F. 3d at 318-19. Mr. Jardini either failed to do any semblance of analysis to make his factual assumptions or purposefully avoided the true facts in order to justify his questionable opinions.

Against this backdrop, it is clear that the sources upon which Mr. Jardini's opinions are based are "of such little weight that the jury should not be permitted to receive [his] opinions." *See Viterbo*, 826 F.2d at 422. *At best*, Mr. Jardini offers an opinion regarding what inexperienced trial lawyers should charge for fender-bender litigation in Northern California. None of that is remotely

relevant here. His conclusion regarding "reasonable" rates for defense counsel in the Levin Simes Action therefore will "not actually assist the jury in arriving at an intelligent and sound verdict." *Id.*

Peiffer Wolf thus respectfully submits that Mr. Jardini's testimony should be excluded, in its entirety. To be clear, Peiffer Wolf is not asking to "have its cake and eat it too," as Valley Forge suggests; rather, Peiffer Wolf simply wants to ensure that the jury is not presented with incorrect opinions rendered on the basis of Mr. Jardini's uninformed, demonstrably false factual assumptions. After all, an expert's opinions are only as good as the inputs that go into those opinions, and here, as demonstrated in the Motion, Mr. Jardini's inputs are provably false.

### III.   ALTERNATIVELY, MR. JARDINI'S COMMENTS AND OBSERVATIONS ABOUT "EXCESSIVE" BILLING SHOULD BE PRECLUDED.

Peiffer Wolf also offered the alternative argument that, in the event Mr. Jardini is allowed to testify regarding hourly rates, his "comments" and "observations" about "excessive billing" must be excluded. As with the rate issue, it might well be true that Mr. Jardini has the essential qualifications in some cases to testify to billing entries. But he cannot do so here, where he did not perform the requisite analysis to opine on this issue, does not offer any amount that is overbilled, and offers commentary on a topic that is not at issue in this case.

Valley Forge's Opposition, once again, does not address these problems. It does not even attempt to argue that Mr. Jardini performed the analysis that he admitted was necessary to undertake to render an opinion on billing entries. The Opposition does not claim (nor has Mr. Jardini otherwise offered) any amounts that were allegedly over-billed, which would leave the jury confused about how to engage with his "observations." And the Opposition likewise does not suggest that Mr. Jardini's "observations" regarding any specific time entries have any relevance to this case, where Valley Forge has not deducted a minute of time from the invoices.

Mr. Jardini's extraneous opinions regarding supposedly-excessive time entries have nothing to do with the reasonable rate analysis at the heart of this case, and he readily acknowledges that he was not retained by Valley Forge to perform an audit of Altshuler Berzon's or Shartsis Friese's invoices. *See* ECF 98 at p. 14. In fact, Valley Forge has its own in-house team that handles such "audits," and as explained in detail in Peiffer Wolf's Motion for Partial Summary Judgment[3] and elsewhere, that team has already concluded that all of the time entries on Altshuler Berzon's and Shartsis Friese's prior bills were "reasonable."

Mr. Jardini's half-formed opinions to the contrary are thus of no moment whatsoever to the jury. He should not be permitted to expand the scope of this case by offering them—particularly where he admits that he did not perform any of the actual analysis necessary to offer these opinions. *Id.* at pp. 14-15.

## CONCLUSION

While Valley Forge may believe that Mr. Jardini is "eminently qualified" as a general matter, that is not the challenge made to his opinions. In order to offer expert testimony, Mr. Jardini's opinions must be the product of a reliable analysis. Simply put, they are not, and he should not be permitted to testify in this matter. In the alternative, if he is permitted to testify at all, his testimony should be limited solely to the reasonableness of the rates charged by defense counsel.

---

[3] *See* ECF No. 69-1; ECF 94.

RESPECTFULLY SUBMITTED,

/s/*Daniel Centner*
Daniel Centner, LA Bar No. 33055
**PEIFFER WOLF CARR KANE**
**CONWAY & WISE, LLP**
935 Gravier Street, Suite 1600
New Orleans, LA 70112
P: 504-605-2234
dcentner@peifferwolf.com


**RICCI PARTNERS, LLC**
Michael S. Ricci (#33332)
    m.ricci@riccipartnersllc.com
Jonathan L. Schultis (#34974)
    j.schultis@riccipartnersllc.com
Christian "Chip" Hebert-Pryor (#39212)
    chip@riccipartnersllc.com
101 W. Robert E. Lee Blvd., Suite 400
New Orleans, Louisiana 70124
P: 504.304.7115
F: 504.309.1123


*Attorneys for Peiffer Wolf Carr Kane*
*Conway & Wise, LLP*


## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing has been served upon counsel of record via CM/ECF, this 6th day of November 2024.

/s/*Daniel Centner*

8